STRAIT, Respondent v. GILMORE et al., Appellants

(63 N. W.2d 261)

(File No. 9382. Opinion filed March 16, 1954

**Hanten, Henrikson and W. A. Hackett,** Watertown, for Defendant-Appellant.

**Arthur H. Hasche,** Watertown, for Plaintiff-Respondent.

**Loucks, Oviatt & Bradshaw,** Watertown, for George Haberman, Defendant-Respondent.

SICKEL, J.   This is an action brought by L. N. Strait, plaintiff, against Emma A. Gilmore, as Guardian of Gertrude S. Johnson Ufford, incompetent, to recover the amount of a real estate. mortgage which was a lien upon real property sold by Mrs. Gertrude S. Johnson Ufford to plaintiff free and clear of incumbrances.   The guardian answered denying liability and George Haberman, also a defendant, served a counter-claim demanding the foreclosure of his mortgage.   The circuit court decided that Strait, the plaintiff, was the owner of the property subject to the Haberman mortgage; that plaintiff was entitled to judgment against the guardian for the amount of the mortgage lien, and entered a decree of fore-closure in favor of Haberman on the mortgage.   The guardian appealed.

This controversy arises out of the fact that Gertrude S. Johnson Ufford, to whom we shall hereafter refer to as Mrs. Johnson, obtained a mortgage loan from Haberman through Fronke.   She paid the amount of the mortgage to Fronke before she executed the deed to Strait, but Fronke never paid the money to Haberman to be applied in the dis-charge of the mortgage. The issue is whether Fronke re-ceived the money from Mrs. Johnson as her agent or as the agent of Haberman.   If Fronke received the money as the agent of Mrs. Johnson, the payments did not discharge the mortgage.   On the other hand, if the payments were receiv-ed by Fronke as the agent of Haberman they did discharge the mortgage.   The circuit court decided in favor of the de-fendant on this issue and entered judgment for the fore-closure of his mortgage.   The only question is whether the evidence is sufficient to justify the decision of the circuit court on this issue.

The general rule is stated in Kalen v. Gelderman, 66 S.D. 53, 278 N.W. 165, 169, as follows: "It is well established in this state that a negotiable note must be paid to the legal holder and owner at the time of such payment, and the pay-ment to any other person not in possession thereof will not be binding upon the legal owner and holder unless he has either expressly or by implication authorized such other per-son to receive such payment for him."

10 C.J.S., Bills and Notes, § 452b, pp. 992, 993, states the

rule to be that: "Hence, payment to a person who is not in possession of the instrument is ordinarily at the risk of the payor, even if the person receiving payment be payee designated in the instrument, * * * and it will not be good against the owner unless the person receiving payment is the holder's agent authorized to receive payment, * * *."

In this case the note and mortgage were payable to Haberman. Haberman was at all times the legal holder and owner of the note and mortgage. He was in possession of both during the period of time when payments were made by Mrs. Johnson to Fronke. The evidence shows that Fronke was never authorized to receive payments on behalf of Haberman and there is no evidence to show that Haberman knew the payments were being made to Fronke. On the contrary, the evidence as to the transaction shows that Fronke received the payments from Mrs. Johnson as her agent with authority to pay Haberman, which he never did. The finding of the circuit court that Fronke did not receive and retain the payments as the agent of Haberman is justified by the evidence.

Judgment affirmed.

All the Judges concur.